NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TECHNOLOGY PATENTS LLC,**
*Plaintiff-Appellant,*

**v.**

**T-MOBILE (UK) LTD., T-MOBILE AUSTRIA GMBH, T-MOBILE CZECH REPUBLIC A.S., T-MOBILE DEUTSCHLAND GMBH, T-MOBILE HUNGARY CO. LTD., T-MOBILE NETHERLANDS B.V., AND T-MOBILE SLOVENSKO A.S.,**
*Defendants-Appellees,*

AND

**ADVANCED INFO SERVICE PLC, ALSO KNOWN AS AIS, BELL MOBILITY INC., CSL NEW WORLD MOBILITY LIMITED, CHINA MOBILE PEOPLES TELEPHONE COMPANY LIMITED, NOW KNOWN AS CHINA MOBILE HONG KONG COMPANY LIMITED, KT FREETEL CO. LTD., NOW KNOWN AS KT CORPORATION, SINGAPORE TELECOM MOBILE PRIVATE LIMITED, SINGAPORE TELECOMMUNICATIONS LIMITED, ALSO KNOWN AS SINGTEL, SINGTEL OPTUS PTY LIMITED, STARHUB MOBILE PTE LTD., AND TELSTRA CORPORATION LIMITED,**
*Defendants-Appellees,*

AND

AMERICA MOVIL, S.A.B. DE C.V., CLARO, S.A., AMX ARGENTINA, S.A., AND RADIOMOVIL DIPSA, S.A. DE C.V., ALSO KNOWN AS TELCEL,
*Defendants-Appellees,*

AND

BELGACOM MOBILE S.A., ALSO KNOWN AS PROXIMUS, MOBILKOM AUSTRIA AG, SFR, ALSO KNOWN AS SOCIETE FRANCAISE DE RADIOTELEPHONE S.A., SMARTONE MOBILE COMMUNICATIONS LIMITED, TANGO S.A., VODAFONE CZECH REPUBLIC A.S., VODAFONE D2 GMBH, ALSO KNOWN AS VODAFONE GERMANY, VODAFONE ESPANA S.A., VODAFONE ESSAR LTD., VODAFONE HUNGARY MOBILE TELECOMMUNICATIONS LTD., VODAFONE IRELAND LTD., VODAFONE LIBERTEL B.V., VODAFONE LIMITED, ALSO KNOWN AS VODAFONE UK, VODAFONE NETWORK PTY. LTD., VODAFONE NEW ZEALAND, VODAFONE OMNITEL N.V., VODAFONE PORTUGAL, COMUNICACOES PESSOAIS, S.A., VODAFONE TELEKOMUNIKASYON A.S., ALSO KNOWN AS VODAFONE TURKEY, AND VODAFONE-PANAFON HELLENIC TELECOMMUNICATIONS COMPANY S.A., ALSO KNOWN AS VODAFONE-PANAFON S.A.,
*Defendants-Appellees,*

AND

TNL PCS S.A., ALSO KNOWN AS OI,
*Defendant-Appellee,*

AND

BASE N.V./S.A., E-PLUS MOBILFUNK GMBH & CO. KG, AND KPN B.V.,
*Defendants-Appellees,*

AND

**BERMUDA DIGITAL COMMUNICATIONS LTD.,**
*Defendant-Appellee,*

AND

**BOUYGUES TELECOM S.A.,**
*Defendant-Appellee,*

AND

**CHUNGHWA TELECOM CO. LTD.,
FAR EASTONE TELCOMMUNICATIONS CO. LTD.,**
AND **TAIWAN MOBILE CO., LTD.,**
*Defendants-Appellees,*

AND

**CLICKATELL (PTY) LTD.,**
*Defendant-Appellee,*

AND

**FRANCE TELECOM ESPANA S.A., ALSO-KNOWN
AS ORANGE SPAIN, FRANCE TELECOM S.A.,
MOBISTAR N.V., ORANGE AUSTRIA
TELECOMMUNICATION GMBH, FORMERLY
KNOWN AS ONE GMBH, ORANGE
COMMUNICATIONS S.A., ALSO KNOWN AS
ORANGE SWITZERLAND, ORANGE FRANCE S.A.,
ORANGE PLC, ALSO KNOWN AS ORANGE U.K.,
ORANGE S.A., ORANGE SLOVENSKO A.S.,** AND
**VOX MOBILE S.A.,**
*Defendants-Appellees,*

AND

**H3G S.P.A., ALSO KNOWN AS 3 ITALIA,
HUTCHISON 3G AUSTRIA GMBH, HUTCHISON 3G
UK LIMITED,** AND **HUTCHISON
TELECOMMUNICATIONS (HONG KONG)
LIMITED,**
*Defendants-Appellees,*

AND

## KDDI CORPORATION,
*Defendant-Appellee,*

AND

## PCCW MOBILE HK LIMITED,
*Defendant-Appellee,*

AND

## YAHOO! INC.,
*Defendant-Appellee,*

AND

## KABUSHIKI KAISHA NTT DOCOMO AND SOFTBANK MOBILE CORP.,
*Defendants-Appellees,*

AND

## M3 WIRELESS LTD.,
*Defendant-Appellee,*

AND

## NETCOM AS, NOW KNOWN AS TELIASONERA NORGE AS AND TELIA DANMARK A/S,
*Defendants-Appellees,*

AND

## TMN-TELECOMUNICACOES MOVEIS NACIONAIS, S.A.,
*Defendant-Appellee,*

AND

## O2 (GERMANY) GMBH & CO. OHG, O2 (UK) LIMITED, O2 COMMUNICATIONS (IRELAND) LTD., PEGASO PCS, S.A. DE C.V., TELEFONICA MOVILES ARGENTINA, S.A., TELEFONICA MOVILES ESPANA, S.A.U., TELEFONICA MOVILES MEXICO, S.A. DE C.V., TELEFONICA O2 CZECH

REPUBLIC, A.S., TELEFONICA O2 EUROPE PLC,
ALSO KNOWN AS O2 PLC, TELEFONICA, S.A.,
VIVO PARTICIPACOES, S.A., AND VIVO, S.A.,
*Defendants-Appellees,*

AND

PANNON GSM TELECOMMUNICATIONS LTD.,
SONOFON A/S, SWISSCOM MOBILE A.G., TDC A/S,
TDC SWITZERLAND AG, ALSO KNOWN AS
SUNRISE, TELENOR MOBIL A.S., AND TOTAL
ACCESS COMMUNICATION PLC, ALSO KNOWN
AS DTAC,
*Defendants-Appellees,*

AND

SONAECOM-SERVICOS DE COMUNICACOES, S.A.,
*Defendant-Appellee,*

AND

TELECOM ITALIA S.PA., TELECOM PERSONAL
S.A., TIM CELULAR S.A., AND TIM
PARTICIPACOES S.A., ALSO KNOWN AS TIM
BRAZIL,
*Defendants-Appellees,*

AND

TRUE MOVE COMPANY LIMITED,
*Defendant-Appellee,*

AND

WIND HELLAS TELECOMMUNICATIONS S.A. AND
WIND TELECOMUNICAZIONI SPA,
*Defendants-Appellees,*

AND

AVEA ILETISIM HIZMETLERI A.S.,
*Defendant-Appellee,*

AND

**T-MOBILE USA, INC.,**
*Defendant-Appellee,*

AND

**AT&T MOBILITY LLC,**
*Defendant-Appellee,*

AND

**TELE-MOBILE COMPANY, ALSO KNOWN AS TELUS MOBILITY,**
*Defendant-Appellee,*

AND

**ROGERS WIRELESS PARTNERSHIP,**
*Defendant-Appellee,*

AND

**MICROSOFT CORPORATION,**
*Defendant-Appellee,*

AND

**PALM, INC.,**
*Defendant-Appellee,*

AND

**CELLCO PARTNERSHIP, DOING BUSINESS AS VERIZON WIRELESS,**
*Defendant-Appellee,*

AND

**HELIO, LLC AND SPRINT NEXTEL CORPORATION,**
*Defendants-Appellees,*

AND

**LG ELECTRONICS MOBILECOMM U.S.A., INC.,**
*Defendant-Appellee,*

AND

**MOTOROLA, INC., NOW KNOWN AS MOTOROLA SOLUTIONS, INC.,**
*Defendant-Appellee,*

AND

**IDEA CELLULAR LIMITED,**

*Defendant-Appellee,*

AND

**DEUTSCHE TELEKOM AG, MOBILEONE LTD., ORANGE LIMITED, ORANGE NEDERLAND N.V., TURKCELL ILETISIM HIZMETLERI A.S., AND UPSIDE WIRELESS INC., ALSO KNOWN AS IPIPI,**
*Defendants,*

AND

**MOTOROLA MOBILITY, INC.,**
*Intervenor.* .

---

2011-1581

---

Appeal from the United States District Court for the District of Maryland in case no. 07-CV-3012, Judge Alexander Williams, Jr.

---

**ON MOTION**

---

Before REYNA, *Circuit Judge.*

**ORDER**

Yahoo! Inc., Microsoft Corporation, Palm, Inc. and Motorola, Inc. move for "relief from Practice Note to Rule 28."

Fed. R. App. P. 28(i) states:

> Briefs in a Case Involving Multiple Appellants or Appellees. In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief. Parties may also join in reply briefs.

The court's Practice Note following Rule 28 states:

> MULTIPLE PARTIES. When there are multiple parties represented by the same counsel or counsel from the same firm, a combined brief must be filed on behalf of all the parties represented by that counsel or firm.

As is apparent from the court's caption, this case involves multiple parties. The appellees are comprised of foreign wireless carriers who were dismissed for lack of personal jurisdiction and 11 domestic defendants who were granted summary judgment of noninfringement. The movants, who are four of the domestic defendants, are represented by three different law firms that also represent some of the foreign defendants.

We disagree with the movants that the Practice Note prohibits the movants from joining briefs filed by other domestic appellees. It merely requires that if a joinder is noted within a brief, that information should be included in the same brief that contains all of the arguments of the firm's clients. If the movants intend to not file a separate brief but merely join one or more briefs filed by another party, the Practice Note likewise does not prohibit that. The Practice Note could be read to prohibit the movants and the foreign defendants from separately joining different joint briefs, and if waiver of that is what is requested by the movants, we grant that request.

In the circumstances, we agree that the movants' proposal could simplify briefing in the case, assuming that word limitations are not averted. The movants do not discuss how they intend to comply with the court's word limitations requirement. If the movants are requesting that each firm be permitted to file two 14,000 word briefs for its clients, that request is denied.

Accordingly,

IT IS ORDERED THAT:

The motion is granted to the following extent: The movants may file or join a combined appellees' brief, not to exceed 14,000 words. The foreign appellees including KDDI Corp., PCCW Mobile HK Ltd., Bermuda Digital Communications Ltd., and TNL PCS S.A. may file or join a combined appellees' brief, not to exceed 14,000 words. To further reduce briefing in this case, all parties are encouraged to adopt by reference any portion-of another appellee's brief to avoid undue repetition of argument. Fed. R. App. P. 28(i).

FOR THE COURT

FEB 1 0 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  Bryant C. Boren, Jr., Esq.
     Doris Johnson Hines, Esq.
     Sharon A. Israel, Esq.
     Matthew J. Moore, Esq.
     Ian N. Feinberg, Esq.
     Roderick R. McKelvie, Esq.
     Louis M. Solomon, Esq.
     Kevin P. Anderson, Esq.
     Brian Wm. Higgins, Esq.
     Stefani E. Shanberg, Esq.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 1 0 2012

JAN HORBALY
CLERK

Stuart J. Sinder, Esq.
James W. Dabney, Esq.
Stephen B. Kinnaird, Esq.
Brian M. Koide, Esq.
William H. Burgess, Esq.
Deanne E. Maynard, Esq.
Michael J. McKeon, Esq.
Robert C. Bertin, Esq.
George F. Pappas, Esq.
Jonathan E. Retsky, Esq.
Stephen S. Madsen, Esq.
Kevin Walsh, Esq.
Russell E. Levine, Esq.
Michael M. Markman, Esq.
Robert C. Nissen, Esq.
Edward Han, Esq.
Brian C. Riopelle, Esq.
Ramsey M. Al-Salam, Esq.
David L. Leichtman, Esq.
Andrew R. Sommer, Esq.
Joseph A. Rhoa, Esq.
Maximilian A. Grant, Esq.
Jay F. Utley, Esq.
Adam Gahtan, Esq.
Adam R. Alper, Esq.
Scott R. Matthews, Esq.
Steven Jay Young, Esq.
Victor Siber, Esq.
Steven R. Selsberg, Esq.

s8